the provisions of section 36 of the bankruptcy act, because Hartough and William Reed were not partners in trade when the petition of Hartough was filed, on the 4th of May, 1869, and because there was not then any joint stock or property of the copartnership which existed down to the 9th of November, 1868, composed of Hartough and William Reed; that is, joint stock or property belonging to such two persons as having been partners in such copartnership. Aside from the provisions of section 36, it is not claimed that William Reed can be adjudged a bankrupt on this petition of Hartough. He does not himself petition to be so adjudged. On the contrary, he resists the granting of the prayer of the petition of Hartough, which is that Hartough and William Reed and Hayden may each of them be adjudged by a decree of the court to be a bankrupt, and that the firm of P. C. Hartough & Co., composed of such three persons, may be so adjudged. The prayer of the petition is denied as to Hayden and William Reed, and an order of adjudication will be entered as to Hartough.

----

HARTSHORN (BRAY v.). See Case No. 1,820.

HARTSHORN (DAY v.). See Case No. 3,-683.

----

## Case No. 6,165.

### HARTSHORN et al. v. ALLISON et al.

[1 Cranch. C. C. 199.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

#### CHANCERY—ATTACHMENT.

The garnishee may answer after bill taken for confessed at the rules.

[This was a bill in equity by Hartshorn and Taylor against Amos Allison and Jacob Geiger and others, garnishees.]

Bill taken for confessed in the office. Geiger, one of the garnishees, moved for leave to file answer. Granted.

----

## Case No. 6,166.

### HARTSHORN v. ALMY et al.

[Holmes, 493; 2 Ban. & A. 46; 8 O. G. 94.] [2]

Circuit Court, D. Massachusetts. April, 1875.

#### PATENT—INFRINGEMENT—SPRING-FIXTURES FOR SHADES.

The claim of the reissue patent for improvement in spring-fixtures for shades, granted Stewart Hartshorn, Aug. 27, 1867, construed with reference to the actual invention of the patentee, is not limited to the peculiarly shaped pawl and ratchet described in the specification and mentioned in the claim. The claim is in-

----

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Jabez S. Holmes, Esq.: reprinted in 2 Ban. & A. 46, and here republished by permission.]

fringed by any arrangement of a pawl and ratchet such that they will engage on checking the upward movement of the shade, and the shade thus be retained at any desired height, by simple manipulation of the shade itself.

[Cited in Hartshorn v. Shorey, Case No. 6,167; Hartshorn v. Eagle Shade Roller Co., 18 Fed. 90.]

[This was a bill in equity by Stewart Hartshorn against James F. Almy and others for the alleged infringement of reissued patent No. 2,756, granted August 27, 1867. The original patent, No. 44,624, was granted to complainant October 11, 1864.]

S. D. Law, for complainant.

J. E. Maynadier, for defendants.

SHEPLEY, Circuit Judge. The bill in this case is brought for alleged infringement of reissued letters-patent No. 2,756, dated Aug. 27, 1867, granted to Stewart Hartshorn for improvement in spring-fixtures for shades.

The claim is for the application to a shade-roller, provided with a spiral spring for automatically raising or rolling up the shade, of a pawl and ratchet, or notched hub, so arranged that the former will engage with the latter at any point or height of the shade, by simply checking the rotation of the roller and the upward movement of the shade under the influence of the spring, substantially as set forth.

Upon the construction of this claim depends the question of infringement in this case. Defendants contend for a construction which will limit the claim to the peculiarly shaped pawl and the peculiarly shaped ratchet described in the specification of the patent. Complainant contends for a construction which will embrace, in combination with the other elements, any pawl and ratchet, or notched hub, so arranged that the former will engage with the latter at any point or height of the shade by simply checking the rotation of the roller and the upward movement of the shade under the influence of the spring, substantially as set forth.

The state of the art before the invention of Hartshorn was this: A roller was used having within it a coiled spring, one end fixed to the roller and the other end to a loose journal of the roller; a pawl and ratchet were so applied to the roller that the pawl would hold the roller against turning under the action of the spring; but allow the roller to be turned against the action of the spring. The ratchet lifted and disengaged the pawl in a downward pull of the curtain. These rollers were adapted, like the Hartshorn, to be hung in brackets. In the form of spring-fixtures for shades which was known as "the Coach fixture," and in use prior to Hartshorn's invention, a cord was used to lift the pawl and disengage it from the ratchet when it was desired to allow the curtain to roll up under the action of the spring. Hartshorn's invention differed from those which had preceded it in that it dispensed